# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| SALEEBAN ADAN, | : | PRISONER CIVIL RIGHTS |
| a.k.a. Saleevan Adan, | : | 42 U.S.C. § 1983 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | CIVIL ACTION NO. |
| FADUMA ALL, his mother, | : | 1:14-CV-1274-WSD-JFK |
| Defendant. | : | |

## UNITED STATES MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

Plaintiff, Saleeban Adan, confined in Georgia State Prison, in Reidsville, Georgia, has submitted a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. By separate Order Plaintiff was granted *in forma pauperis* status, and the matter is before the Court on the complaint, (Doc. 1), for screening under 28 U.S.C. § 1915A.

**I.    28 U.S.C. § 1915A Standard**

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).  A claim is frivolous when it "lacks an arguable basis either in law or in fact." Bingham v. Thomas, 654 F.3d 1171,

1175 (11th Cir. 2011) (quoting Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008)) (internal quotation marks omitted). To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege facts plausibly showing that (1) a person acting under color of state law (2) deprived him of a right secured by the Constitution or federal law. Bingham, 654 F.3d at 1175. If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiffs' factual allegations were insufficient to support the alleged constitutional violation); see also 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

**II.   Discussion**

Plaintiff brings his § 1983 action against his mother, Faduma All. (Doc. 1 ¶ III). Plaintiff states that his aunt took his money from the government, that his

2

mother took all of his money from his aunt, and that he wants his mother to return all of it to him.  (Id. ¶ IV; Doc. 3).

To succeed on civil rights claim against a private party, the private party must qualify as a state actor – "§ 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1277 (11th Cir. 2003) (internal quotation marks omitted) (quoting American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999)).  Three tests exist for "determining whether the actions of a private entity are properly attributed to the state" – the public function, state compulsion, and nexus/joint actions tests.  Id.

> The public function test limits state action to instances where private actors are performing functions "traditionally the exclusive prerogative of the state."  The state compulsion test limits state action to instances where the government "has coerced or at least significantly encouraged the action alleged to violate the Constitution."  The nexus/joint action test applies where "the state has so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise."

Id. (quoting Willis v. Univ. Health Servs., Inc., 993 F.2d 837, 840 (11th Cir. 1993)).

Plaintiff's unexplained statement that his aunt took his money from the government is insufficient to show that Plaintiff's mother qualifies as a state actor, and

3

Plaintiff otherwise alleges nothing to indicate that his mother qualifies as a state actor. This action must be dismissed.

### III. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that, pursuant to 28 U.S.C. § 1915A, this action be **DISMISSED** without prejudice for failure to state a claim.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO ORDERED and DIRECTED**, this 11th day of September, 2014.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE