## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

SALEEBAN ADAN,

                **Plaintiff,**

    **v.**                               **1:14-cv-1274-WSD**

FADUMA ALL,

                **Defendant.**

### OPINION AND ORDER

This matter is before the Court on Magistrate Judge Janet F. King's Final Report and Recommendation ("R&R"), recommending that Plaintiff Saleeban Adan's ("Plaintiff") Complaint be dismissed for failure to state a claim upon which relief can be granted.

## I.    BACKGROUND

On April 28, 2014, Plaintiff filed this action under 42 U.S.C. § 1983 against his mother, Defendant Faduma All ("Defendant"). Plaintiff alleges that his aunt took his money from the Government, and gave it to his mother. Plaintiff seeks to recover the money from his mother. On September 11, 2014, the Magistrate Judge screened Plaintiff's Complaint under § 28 U.S.C. 1915A, and found that Plaintiff failed to state a claim upon which relief can be granted because his mother does

not qualify as a state actor.

## II.    DISCUSSION

### A.    Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which a party has not asserted objections, the district judge must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

### B.    Analysis

Because Plaintiff has not objected to the Magistrate Judge's finding that his Complaint be dismissed, the Court reviews the Magistrate Judge's findings and recommendations for plain error.  See Slay 714 F.2d at 1095.  "§ 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1277 (11th

Cir. 2003) (internal quotation marks and citations omitted).  Generally, a private actor cannot be sued under § 1983 unless he or she (1) "performs functions 'traditionally the exclusive prerogative of the [S]tate,'" (2) is "'coerced or at least significantly encouraged'" to act by the State, or (3) the State is interdependent on the private actor to the extent that "'it was a joint participant in the enterprise.'" Id. (quoting Willis v. Univ. Health Servs., Inc., 993 F.2d 837, 840 (11th Cir. 1993)).  The Magistrate Judge found that Plaintiff failed to allege facts to support that his mother qualifies as a state actor.  The Court finds no plain error in this finding, and this action is dismissed without prejudice.[1]

## III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Janet F. King's Final

---

[1] On October 16, 2014, Plaintiff filed a Motion to Refund $302 taken from his inmate account.  Plaintiff alleges that the Court withdrew this amount without his knowledge or consent.  Throughout this litigation, Plaintiff was warned that he must either pay the $400 filing fee or submit a financial affidavit seeking leave to proceed *in forma pauperis*.  Plaintiff has previously indicated to the Court that he is willing to pay the filing fee.  On September 8, 2014, Plaintiff began to pay the filing fee in monthly installments of $24.00.  To date, Plaintiff has paid $72 towards his filing fee.  To the extent Plaintiff seeks a refund of $72, the Court has no statutory authority to grant Plaintiff's request.  Under the Prison Litigation Reform Act, a prisoner is required to pay all installments of a filing fee until it is paid in full, and there is no exception for a dismissed lawsuit.
See Holt v. Bengton, 161 F.3d 17 (10th Cir. 1998).  The Motion for Refund is denied.

R&R is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Refund is

**DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT**

**PREJUDICE**.

**SO ORDERED** this 19th day of November, 2014.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE